————o————

No. 3468.

(Court of Appeal, Parish of Orleans,)

HENRY HEMEL, vs. MRS. DELIA CARLISLE WIFE OF

SALVATOR DEMALIA.

1. The vague, general and obscure allegations of a petition insufficient to show a cause of action will on a motion to dissolve an injunction staying the seizure and sale of property secured by vendors mortgage notes lien and privilege, warrant a decree dissolving said injunction, 2 H. pg. 1144 No. 1.
2. Citation addressed to the wife and her husband "to assist and authorize her" and not averred to have been judicially separated is a sufficient citation to the wife. 31 A. 88 C. P. 192. 23 A. 146 31 A. 287, 2 A. 1.
3. The dissolution of an injunction will on an amendment to the appeal seasonably made authorize the appellate Court to grant attorney's fees against the plaintiff in injunction. C. P. 890, 105 La. 448, Act. 50, 1886.

Appeal from Civil District Court Division C.

Paul L. Fourchy, Defendant and Appellant.

Rufus E. Foster, Plaintiff and Appellee.

BEAUREGARD, J.   The plaintiff, an innocent third holder, before maturity of two promissory notes of $100 each secured by vendor's lien and privilege on a certain piece of real estate in this City and fully described in the pleadings, sold by Miss Rosie M. Demalia, to Mrs. Delia Carlisle, for $1000 of which $800. were paid cash, leaving due $200. represented by said two notes, dated April 23rd 1901, brings this suit *via ordinaria* against the maker to re-

291

cover the total amount due thereon, with interest and attorney's fees. Suit being brought in this manner against the wife alone, it is alleged, for want of the husband's authorization.

On confirmation of default to the extent of plaintiff's claim, and of which due notice was given to Mrs. Demalia personally, a writ of fi fa issued and was stayed by injunction, but subsequently, set aside on a motion to dissolve.

From this decree Defendant in rule appeals. The grounds for the motion to dissolve are as follows:

1. That plaintiff in injunction was not properly authorized to apply for and maintain same.

Reference to the petition for injunction will show that she was authorized by order of Court to stand in judgment.

2. That the surety on the injunction bond is not good and solvent, or otherwise qua lified according to law.

This ground seems to have been abandoned. It is so asserted in Defendant's brief and is not alluded to as one deserving consideration in this Court.

3. That the allegations of Plaintiff's petition are insufficient to authorize the injunction herein issued and disclose no cause of action.

These allegations are as follows: "That unknown to petitioner one William Hy. Wright acting as a notary public on or about April 23rd. 1901 and whilst enjoying her trust and confidence, and by fraud and fraud ulent means, and under color of executing an act of sale by Rosalie Natalie Demalia to Mrs. Delia Demalia for $1000 inserted in the act a vendor's lien and privilege for two notes of $100 each with interest etc., secured on part of the property so purchased. "That after said fraudulent transaction said Notary kept the two notes in his possession until about October 1st 1903, long after their maturities and then brought an ordinary suit thereon in the name of Henry Hemel a relative of his, who is an interposed person without real and legal interest therein."

These quoted allegations show that not only are they vague and general but obsure and insufficient to support a cause of action. Fraud is a conclusion of law arising from a given state of facts. Here we have the simple allegation that the notary "by fraud and fraudulent means and under color of executing an act of sale etc., inserted in the act and vendors lien and privilege for the two notes sued on. It is not denied that the Defendant was the purchaser of the property; that the Notary was authorized to pass and execute the act of sale, and that the plaintiff in injunction signed the same, nor is it averred that the two notes represent an amount beyond the agreed and understood price and consideration for the sale, or that the Plaintiff in injunction did not sign and issue said notes; or that having signed and issued them she did so through error and means adopted by the notary and the defendant in injunc-

295

tion which constitute a fraud from which she is entitled to relief There is not a single averment in the petition, pretermitting the allegations of conclusions of law, which, if true, show any valid cause of action, and that the third ground of the rule did not warrant the decree of the trial Court dissolving the injunction.

It remains to note the averment of the petition that "no citation was ever served on petitioner, but by fraud and ill practices was served on Salvadore Demalia who plaintiff knew was not living with his wife and had no interest in the suit.

There is no allegation that Mrs. Demalia had been judicially separated from her husband. The citation was addressed to her and "her husband to aid and authorize her" and served on her husband personally.

Besides the authorities referred to by Appellee and cited below in 31 A. 88 it is held that "a citation addressed to the wife and "husband" is a sufficient citation to the husband, see C. P. 192, 23 A. 146, 31 A. 287, 2. A. 1.

Appellee in his answer to the appeal on May 12th 1904, has prayed for such an amendment as will allow him 20 per cent statutory damages on the amount of the judgment and $50. attorney's fees for dissolution of the injunction.

This case was submitted on Briefs on May 20th 1904.

An answer praying for damages against the Appellant must be filed three days before that fixed for the argument, C. P. 890.

The answer was in time and the amendment is allowed.

It is therefore ordered and decreed that the judgment appealed from be so amended as to condemn the Appellant to pay to Appellee the sum of ($25.) Twenty Five Dollars as attorneys fees for dissolution of the said injunction. And as thus amended the judgment appealed from is affirmed.